Filed 5/14/24  P. v. Solomon CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, Plaintiff and Respondent, v. SHASHONEE MONETTE SOLOMON, Defendant and Appellant. | B331964 (Los Angeles County Super. Ct. No. PA020188) |

APPEAL from an order of the Superior Court of Los Angeles County, Stephen A. Marcus, Judge.  Affirmed.

Marta I. Stanton, under appointment by the Court of Appeal for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

In 1999, a jury convicted ShaShonee Monette Solomon of first degree murder (Pen. Code, § 187, subd. (a)(1); count 5), and conspiracy to commit murder (§ 182, subd. (a)(2); count 4). Solomon admitted that he had suffered two prior serious felony convictions within the meaning of section 667, subdivision (a)(1). He was sentenced to 36 years to life in prison.

In 2019, Solomon filed his first petition for resentencing pursuant to section 1170.95 (now section 1172.6), which the trial court denied.

In 2022, Solomon filed a second petition for resentencing pursuant to section 1172.6. The trial court appointed counsel. The People opposed the petition as successive, and argued that Solomon was convicted as a direct aider and abettor. Solomon filed a reply asserting that successive petitions are not barred. At a prima facie hearing on the matter, the trial court ruled that Solomon was not barred from filing a successive petition, but found that Solomon had not made a prima facie case for relief. Solomon was not convicted under a theory of murder that is no longer valid. He was convicted as a direct aider and abettor of first degree murder and was also convicted of conspiracy to murder.

Solomon appealed, and this court appointed counsel to represent him. After examining the record, Solomon's attorney filed an opening brief raising no issues and asking that we follow the procedures set forth in *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*). We invited Solomon to submit a supplemental brief.

Solomon submitted a five-page letter in response that asserts he is prima facie eligible for relief and entitled to an evidentiary hearing. He requests that we review the reply brief

filed in the trial court and consider the contentions raised therein as additional grounds for reversing the trial court's order. He also raises four specific arguments.

We decline to review the reply brief filed in the trial court to search for arguments, and we limit our consideration to the specific issues Solomon raises in his letter response filed in this court. (*Delgadillo*, *supra*, 14 Cal.5th at p. 232 [where a defendant's attorney finds no arguable issues in an appeal from the denial of a section 1172.6 petition and the defendant files a supplemental brief, "the Court of Appeal is required to evaluate the specific arguments presented in that brief and to issue a written opinion," but the question of whether to conduct an independent review of the entire record is "wholly within the court's discretion"].)

With respect to the specific arguments Soloman now raises, he first complains that the trial court should not have considered his conspiracy conviction because the elements of that crime were not proven at trial.

Second, Solomon asserts the trial court should not have relied on the jury's finding that he possessed the intent to kill. Solomon argues that the jury was hung as to the robbery special circumstance, and that there was insufficient evidence in the record to support the finding because although he fired two rounds into the ground, he never pointed a firearm at anyone.

These first two arguments are an attempt to assert trial error, for which section 1172.6 provides no relief. (See, e.g., *People v. DeHuff* (2021) 63 Cal.App.5th 428, 438 [section 1172.6 "does not permit a petitioner to establish eligibility on the basis of alleged trial error"].) Both arguments necessarily fail.

Third, Solomon argues the trial court relied on hearsay evidence to find him ineligible for resentencing. He claims that the court considered the prior appellate opinion, the probation report, and the testimony of several witnesses. This is a mischaracterization of the trial court's ruling. The court specifically relied on the instructions given to the jury to determine that Solomon was not entitled to relief. Jury instructions are part of the record of conviction that necessarily informs the trial court's prima facie determination. (*People v. Bodely* (2023) 95 Cal.App.5th 1193, 1200.) The trial court did not err in relying upon the instructions.

Fourth, Solomon contends that the trial court was biased because it stated that " 'Solomon doesn't get a second bit[e] at the fruit,' "and denied him an evidentiary hearing. Neither the transcript of the prima facie hearing nor the minute order memorializing the hearing and the trial court's order reflects that the trial court stated " 'Solomon doesn't get a second bit[e] at the fruit.' " Nor did the trial court deny Solomon's petition as successive. The trial court reviewed the instructions given to the jury in light of recent amendments to section 1172.6 and determined that Solomon was ineligible for relief because he was not convicted under an invalid theory of liability. Solomon has not demonstrated that the trial court was biased or that it denied him an evidentiary hearing to which he was entitled.

In sum, none of the arguments raised in Solomon's supplemental brief address his eligibility for resentencing under section 1172.6 or have any bearing on whether Solomon could "presently be convicted of murder or attempted murder because of changes to Section 188 or 189 made effective January 1, 2019."

4

(§ 1172.6, subd. (a)(3).)  Accordingly, they provide no basis for reversal.

## DISPOSITION

The trial court's order denying Solomon's section 1172.6 petition is affirmed.

NOT TO BE PUBLISHED.

MOOR, Acting P. J.

WE CONCUR:

KIM, J.

LEE, J.*

---

\* Judge of the San Bernardino County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

5